Circuit Court of Cuyahoga County.

STEPHEN PRASCHL v. CHRIST C. McMAHON AND THE CLEVELAND METAL STAMPING COMPANY.

Decided, March 27, 1905.

*Parol Evidence is Admissible to Show that the Dismissal of a Suit Was the Result of an Agreement.*

Where the plaintiff in an action of replevin has executed the delivery bond required by statute, received the property replevined, dismissed the replevin suit at its costs, and is later sued by the defendant in the replevin suit for the value of the property, an answer alleging that the dismissal of the replevin suit was the result of a settlement states a good defense, and parol evidence is admissible to show the agreement upon which the suit was dismissed and the disposal of the property.

*L. A. Grossner* and *H. Preusser*, for plaintiff in error.
*N. Marks Flick*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur

Suit in replevin was brought by the metal stamping company against Praschl and one Meigs before a justice of the peace. Writ was issued to one McMahon, who was a constable, and some 20,000 small metallic ticket boxes were taken by him from Praschl under the writ, and statutory bond being given by the company, these goods were delivered to it.

Later this suit was dismissed at the costs of the company, but the boxes were retained by the company. The present suit was brought by Praschl to recover for the value of the boxes.

The defense set up by the stamping company was that the dismissal of the suit before the justice of the peace was made under an agreement by the company with the defendants in that action, by the terms of which the plaintiff here was to have delivered to him certain tools; that the company should pay the costs of the action and retain said boxes and sell the same upon the best terms it could, retaining out of the avails of the same some $800 due it from said Meigs, and pay over to him the balance. The metal stamping company paid the costs, delivered the tools to Praschl, and is converting the boxes into money for the purpose of carrying out said agreement, as it is claimed.

In his reply the plaintiff denies the making of the agreement under which the case before the justice of the peace was dismissed. With the pleadings in this situation the case went to trial.

It is urged that there was error on the part of the court in admitting evidence of the agreement under which the replevin case was dismissed. We think there was no error in admitting this evidence. The only entry on the docket of the justice of the peace is "Dismissed without prejudice at plaintiff's costs." If this dismissal was made under some contract as to what should be done with the goods taken in replevin, that fact is admissible.

The plaintiff proved by the constable that the goods were taken from him (the plaintiff) by the officer under this writ of replevin and were turned over to the metal company upon such company giving the bond required by law. The bond was not produced in the case, but it is to be presumed to have been such as is required by Section 6616, Revised Statutes, and must therefore have provided that plaintiff would prosecute the action to final judgment, and that if the judgment was against the plaintiff the property should be returned, etc., or pay the appraised value thereof.

The entry of the justice of the peace of a dismissal of the case without prejudice would, unexplained, entitle the defendants in

replevin to a return of the property, but we think it clear that, if the dismissal was made upon an agreement such as set out in the answer of the metal stamping company, it would be entitled to have the agreement carried out.   This view was taken by the court below.

The only evidence tending to show any agreement for dismissing the replevin case was the testimony of the plaintiff, and falls far short of establishing any agreement.   It appears from the evidence, which is exceedingly unsatisfactory, for the plaintiff was unable to speak English clearly, that this plaintiff and Meigs at one time had a joint interest in these boxes; that Meigs gave the plaintiff an order for them.   Plaintiff says that they became his; that they were taken from him in the replevin suit.

So far as appears, there was no agreement about settling that suit.   The boxes, then, should have been returned to the plaintiff. They were not returned.

At the close of plaintiff's evidence motion was made by the defendant that the jury be directed to return a verdict for defendant.   This was overruled but the court then, of its own motion, ordered the case dismissed without prejudice, unless plaintiff make Meigs a party.   Meigs was not made a party, and so the dismissal without prejudice was made.   We think this was error on the part of the court.   Taking the evidence as plaintiff gave it, Meigs was not a necessary party to the suit.

The judgment is reversed and the case remanded to the court of common pleas.